UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARL PRATT,

    Plaintiff,

v.

                                   Case No: 6:16-cv-2168-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

---

## ORDER[1]

Plaintiff Carl Pratt appeals to this Court from Defendant the Commissioner of Social Security's final decision to deny his application for disability insurance benefits. After due consideration, the Commissioner's final decision is **reversed.**

## Background[2]

At the time of the administrative hearing, Plaintiff was forty-one years old. He holds a master's degree in management and has past work experience as a traffic clerk, demonstrator, election clerk, financial aid counselor, and radio dispatcher (Tr. 24, 37). On April 17, 2015, Plaintiff applied for benefits under Title II of the Social Security Act, 42 U.S.C. § 423, and alleged a disability onset date of February 26, 2015 (Tr. 14, 26). His claims were denied initially and upon reconsideration (Tr. 82-108). At Plaintiff's request, a hearing was held on August 3, 2016 before an administrative law judge ("ALJ") (Tr. 33-

---

[1] On March 23, 2017, both parties consented to the exercise of jurisdiction by a magistrate judge (Doc. 10). The case was referred to me by an Order of Reference the next day (Doc. 12).

[2] The information in this section comes from the parties' joint memorandum filed on August 7, 2017 (Doc. 17).

81). The ALJ issued an unfavorable decision on September 16, 2016 (Tr. 12-26). On October 14, 2016, the Appeals Council denied Plaintiff's petition for review of the ALJ's decision (Tr. 1-4). Accordingly, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted his administrative remedies and his case is ripe for review.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the Commissioner's five-step sequential evaluation process set out in 20 C.F.R. § 416.920(a)(4). The evaluation process requires the ALJ to determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and at step five, the burden shifts to the Commissioner. Id., at 1241 n.10; Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).

The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since his February 26, 2015 application date (Tr. 14). At step two, the ALJ found Plaintiff severely impaired by lumbar and cervical degenerative disc disease, headaches, right index finger laceration, depression, anxiety disorder, affective disorder, gastroesophageal reflux disease, and arthritis (Id. at 14-16). At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526) (Tr. 14-16). Before

proceeding to step four, the ALJ decided that Plaintiff had the residual functional capacity

("RFC") to,

> [P]erform less than the full range of sedentary work as defined in 20 CFR 404.1567(a), which is unskilled. The claimant cannot perform production-rate work. The claimant can tolerate occasional changes in the routine work setting. The claimant is able to sit for two hours at a time, but then will need to stand or walk for no more than five minutes before resuming a seated position. The claimant can occasionally stoop, kneel, crouch, or crawl, but can never climb ladders, ropes, or scaffolds. The claimant can occasionally climb ramps or stairs. The claimant should avoid exposure to hazards, such as heights or machinery with moving parts. The claimant can frequently handle and finger with the right upper extremity.

(Tr. 16-24). At step four, the ALJ found Plaintiff unable to perform past relevant work (Tr.

24). But, the ALJ ultimately concluded at step five that there are jobs in the national

economy–like addresser, call out operator, and charge account clerk–that Plaintiff could

perform and therefore, he was not disabled (Tr. 24-25).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied

the correct legal standards and whether the ALJ's findings are supported by substantial

evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42

U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a

preponderance. It is such relevant evidence that a reasonable person would accept as

adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176,

1178 (11th Cir. 2011) (citation omitted).

When the Commissioner's decision is supported by substantial evidence the

district court will affirm even if the reviewer would have reached a contrary result as finder

of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (per curiam); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

A. The ALJ Failed to Adequately Explain His Assessment of Dr. Jones' Opinion

Plaintiff argues that the ALJ committed reversible error when he failed to give specific reasons for discounting Dr. David Jones' opinion (Doc. 17 at 15-16).

Weighing the findings and opinions of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process. The Eleventh Circuit clarified the standard the Commissioner is required to utilize when considering medical opinion evidence in Winschel. The court held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79 (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987)); see also McCloud v. Barnhart, 166 F. App'x

410, 418-19 (11th Cir. 2006)[3] (The court found that the ALJ failed to explain the weight he gave a consulting physician's report and stated that while the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion," the ALJ is, however, "required to state with particularity the weight he gives to different medical opinions and the reasons why."); Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) ("The ALJ must state with particularity the weight given different medical opinions and the reasons for doing so, and the failure to do so is reversible error. Generally, the opinions of examining physicians are given more weight than non-examining, treating more than non-treating, and specialists on issues within their areas of expertise more weight than non-specialists.") (internal citations omitted). A statement by the ALJ is necessary to enable reviewing courts "to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." Winschel, 631 F.3d at 1178-79 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)). As the Court of Appeals explained in Lawton v. Comm'r Soc. Sec.,

> [T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor ... Without an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence. Therefore, when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.

431 F. App'x 830 (11th Cir. 2011) (internal citations omitted).

Dr. Jones examined Plaintiff on May 2, 2014 at the Orlando Veterans Administration Medical Center as part of a compensation and pension evaluation (Tr.

---

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

471-485). On examination, Dr. Jones observed that Plaintiff had a limited range of motion in his cervical spine and functional loss or impairment in the area (Tr. 475-77). Dr. Jones checked boxes indicating that Plaintiff had localized tenderness in his joints and soft tissues of his neck, and was guarding his spine, resulting in an abnormal gait or abnormal spinal contour (Tr. 477-78). Dr. Jones diagnosed Plaintiff as having intervertebral disc syndrome accompanied by incapacitating episodes (Tr. 481). Dr. Jones noted that for the twelve months prior to the examination, Plaintiff had experienced episodes of incapacitation lasting "at least six weeks" (Id.). The doctor also found that Plaintiff's cervical spine impairment causes "difficulty with bending, turning, sitting, [and] standing," and would make it difficult for Plaintiff to concentrate and perform any work activities, even at the light or sedentary level (Tr. 484). Dr. Jones also observed that Plaintiff "constantly" needs to use a cane to maintain his balance (Tr. 481).

The ALJ failed to explain why he discounted Dr. Jones's testimony by only assigning it partial weight:

> In a Neck (Cervical) Spine Conditions Disability Benefits Questionnaire completed by David Jones, M.D., on May 2, 2014, he diagnosed the claimant with cervical strain. Opined that the claimant will have difficulty with bending, turning, sitting, and standing. The claimant's condition makes it difficult for him to concentrate and perform any activity whether sedentary or light physical exertion. In a Shoulder and Arm Conditions Disability Benefits Questionnaire, he diagnosed the claimant with bilateral shoulder strain. He opined that the claimant's should [sic] condition does not impact his ability to work.

> I give partial weight to the opinions of Dr. Jones. I have assessed limitations in regards to the claimant's physical ability, and limited him to perfuming [sic] unskilled work due to difficulties caused by his pain level. However, the record does support some limitations regarding use of the claimant's shoulder, and I have assessed appropriately manipulative limitations in the residual functional capacity.

(Tr. 22-23).

Now, the Commissioner argues that (1) the ALJ's analysis did not support impairment to the degree stated by Dr. Jones; (2) Dr. Jones' assessment was dated six months before the date of Plaintiff's onset of disability; (3) the record showed that Plaintiff was "doing better;" (4) Plaintiff remained "fit" for duty at work; (5) Dr. Jones opinion was inconsistent with that of Dr. Silver, Dr. Plasay, Dr. Patty, and with observations made by Dr. Hoa Nhuyen and Mr. Mario Heredia, a physician's assistant; and (6) the evidence showed that Plaintiff is able to perform activities of daily care, albeit with some limitations (Doc. 17 at 19-24). The Commissioner provides these rationales but the ALJ did not.

Post hoc arguments on appeal cannot be substituted for ALJ reasoning at the administrative level. The Court is not interested in what argument the Commissioner makes at this stage in the proceedings, rather, it is only concerned with the reasoning the ALJ offered (or failed to offer) when the ALJ made his decision. See Lawton, 431 F. App'x at 834 (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)); Mulholland v. Astrue, Case No. 1:06-cv-2913-AJB, 2008 WL 687326 (N.D. Ga. Mar. 11, 2008) (the Court rejected the Commissioner's argument noting that the "court cannot consider post hoc reasons for affirming an ALJ's decision, and instead must confine its review to the validity of the grounds upon which the ALJ based its decision."); Shinn ex rel. Shinn v Comm'r Soc. Sec., 391 F.3d 1276 (11th Cir. 2004). Accordingly, I reject the Commissioner's post hoc reasoning.

Without explicit explanation by the ALJ, the Court is required to speculate as to whether the ALJ's reason for discounting Dr. Jones's testimony is supported by substantial evidence. The ALJ's failure to offer an explanation is prejudicial because the proper consideration of Dr. Jones' opinion that Plaintiff's impairments limit his functionality

to such a degree that it precludes his ability to engage in even light work could alter the Commissioner's ultimate decision. Cf. Orand v. Comm'r Soc. Sec., No. 6:14-cv-523-Orl-41GJK, 2015 WL 5307797, at *4 (M.D. Fla. Sept. 10, 2015) ("[T]he Eleventh Circuit noted that it will decline to remand a case to the Commissioner 'when doing so would be a wasteful corrective exercise in light of evidence of record and when no further finding could be made that would alter the ALJ's decision.'"). Now, the Commissioner's decision is reversed and this case is remanded back to the Commissioner for further proceedings.

B. Plaintiff's Remaining Arguments

Because remand is required based upon Plaintiff's first argument, it is unnecessary to review his remaining objections to the ALJ's decision. Freese v. Astrue, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (M.D. Fla. April 18, 2008) (citing Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)). "On remand, however, the Commissioner is reminded of the substantial body of Eleventh Circuit case law encompassing the issues that Plaintiff raises in [his] memorandum of law." Id.

DONE and ORDERED in Orlando, Florida on November 3, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record